United States District Court
Southern District of Texas
**ENTERED**
January 24, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | No. 2:21-CR-00922-001 |
| § | |
| FREDDY ACEVEDO § | |

### MEMORANDUM OPINION AND ORDER OF DETENTION PENDING TRIAL

A detention hearing was held today in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f).  The Court finds that detention of Defendant Freddy Acevedo pending trial in this case is appropriate.  There are no conditions or combination of conditions that would reasonably assure the appearance of the Defendant as required and the safety of the community.

I adopt the findings and conclusions contained in the Pretrial Services Report. The evidence against Defendant in this criminal case is strong.  First, I find that the Defendant poses a risk of nonappearance, primarily based on his history of criminal activity while on bond.  Defendant has allegedly committed the present offense while released on bond for another criminal charge.  Defendant's record also contains a 2006 revocation of probation for a prior offense.  Although this revocation occurred quite remotely in the past, it additionally demonstrates the Defendant's unwillingness and or inability to conform to conditions of release while on bond.

I further find that Defendant poses a danger to the community.  Defendant has been charged with the transportation of undocumented aliens, a very serious offense.  Furthermore, Defendant's criminal record contains an extensive list of violent crimes: a 2021 charge of assault against a family member, and felony convictions that include pointing firearms, assault

and or battery with a deadly weapon, and aggravated assault with a deadly weapon. Therefore, the present crime charged in combination with the Defendant's criminal record further counsels against granting a bond in this case.

After considering the factors set forth in 18 U.S.C. § 3142, I find that there is no condition or set of conditions that would adequately assure Defendant's presence at trial, or that would adequately assure the safety of any other person or the community.

Defendant is committed to the custody of the United States Marshal or designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

ORDERED on January 24, 2022.

_____
MITCHEL NEUROCK
United States Magistrate Judge